**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| FLASH UPLINK LLC, | ) | Case No. 2:26-cv-00861 |
| Plaintiff, | ) | **JURY TRIAL DEMANDED** |
| v. | ) | |
| AIKIDO SECURITY BV, | ) | |
| Defendant. | ) | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Flash Uplink LLC ("Flash Uplink" or "Plaintiff") files this original Complaint against Defendant Aikido Security BV ("Aikido" or "Defendant") for patent infringement under 35 U.S.C. § 271 and alleges as follows:

## THE PARTIES

1. Flash Uplink LLC is a limited liability company organized and existing under the laws of the State of Texas, with its principal place of business located at 313 S. Washington Avenue, Marshall, Texas 75670.

2. Aikido Security BV is a company organized and existing under the laws of Belgium, with its principal place of business at Keizer Karelstraat 15, 9000 Gent, Belgium.

## JURISDICTION AND VENUE

3. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1, et seq. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) and 1367.

4. This Court has specific and personal jurisdiction over Aikido consistent with the requirements of the Due Process Clause of the United States Constitution and the Texas Long Arm

Statute. Aikido has sufficient minimum contacts with the forum because Aikido transacts substantial business in the State of Texas and in this Judicial District. Further, Aikido has committed and continues to commit acts of patent infringement in the State of Texas and in this Judicial District and elsewhere throughout the United States, as alleged in this Complaint. The Accused Instrumentalities are available for purchase in this Judicial District.

5. Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(c)(3) because Aikido is a foreign entity organized under the laws of Belgium, is not a resident of the United States, and thus may be sued in any judicial district, including in the Eastern District of Texas.

**PATENT-IN-SUIT**

6. On July 24, 2012, the United States Patent and Trademark Office ("USPTO") duly and legally issued U.S. Patent No. 8,230,497 B2 entitled "Method of Identifying Software Vulnerabilities on a Computer System" ("the '497 Patent").

7. Flash Uplink is the sole and exclusive owner of all right, title and interest in the '497 Patent and holds the exclusive right to take all actions necessary to enforce its rights to the '497 Patent, including the filing of this patent infringement lawsuit. Flash Uplink also has the right to recover all damages for past, present, and future infringement of the '497 Patent and to seek injunctive relief as appropriate under the law.

8. Flash Uplink has at all times complied with the marking provisions of 35 U.S.C. § 287 with respect to the '497 Patent. On information and belief, any prior assignees and licensees have also complied with the marking provisions of 35 U.S.C. § 287.

**FACTUAL ALLEGATIONS**

9. The technologies described in the '497 Patent were developed by Andrew Patrick Norman, John Melvin Brawn, John P. Scrimsher, and Jonathan Griffin and relate generally to identifying software vulnerabilities on a computer system. In one embodiment, a method of

identifying a software vulnerability is disclosed and includes steps of selecting one or more computer systems to be scanned, applying an interrogation program capable of exploiting a known software vulnerability to software stored on a selected computer system, when a vulnerability is exploited, generating management information identifying at least the computer system on which the vulnerability was exploited, and remediating the vulnerability.

10. Aikido has infringed and continues to infringe the '497 Patent by making, using, selling, offering to sell, and/or importing, and by actively inducing others to make, use, sell, offer to sell, and/or import infringing products, including Aikido Security Pentest and Infinite/Continuous Pentesting, AutoFix, and AutoShip, together with connected repositories, GitHub applications, deployment pipelines, and customer environments, individually or in combination as configured to perform the functionality described in Exhibit A (collectively, the "Accused Instrumentalities").

**COUNT I**
**(Infringement of the '497 Patent)**

11. Paragraphs 1 through 10 are incorporated by reference as if fully set forth herein.

12. Flash Uplink has not licensed or otherwise authorized Aikido to make, use, offer for sale, sell, or import any products that embody the inventions of the '497 Patent.

13. Aikido has and continues to directly and/or indirectly infringe one or more claims of the '497 Patent, including without limitation, claim 1 of the '497 Patent.

14. Aikido has and continues to directly infringe the '497 Patent, either literally or under the doctrine of equivalents, without authority and in violation of 35 U.S.C. § 271, by making, using, offering to sell, selling, and/or importing into the United States products that satisfy each and every limitation of one or more claims of the '497 Patent.

15. Aikido has and continues to indirectly infringe one or more claims of the ’497 Patent by knowingly and intentionally inducing others, including but not limited to, Aikido’s customers and end-users, to directly infringe, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling, and/or importing into the United States products that infringe one or more claims of the ’497 Patent.

16. Aikido indirectly infringes one or more claims of the ’497 Patent, as provided by 35 U.S.C. § 271(b), by inducing infringement of others, such as Aikido’s customers and end-users, in this Judicial District and elsewhere in the United States. For example, Aikido’s customers and end-users directly infringe, either literally or under the doctrine of equivalents, through their practice and use of the inventions claimed in the ’497 Patent. Aikido induces this direct infringement at least via its affirmative acts of manufacturing, selling, distributing, and/or otherwise making available the Accused Instrumentalities, and providing instructions, documentation, and other information to customers and end-users urging them to use the Accused Instrumentalities in an infringing manner, including technical support, marketing, product manuals, advertisements, and online documentation. Because of Aikido’s inducement, Aikido’s customers and end-users use Accused Instrumentalities and directly infringe the ’497 Patent in a way Aikido intends. Upon information and belief, Aikido performs these affirmative acts with knowledge of the ’497 Patent (at least as of the date of this Complaint) and with the intent, or willful blindness, that the induced acts directly infringe the ’497 Patent.

17. Aikido indirectly infringes one or more claims of the ’497 Patent, as provided by 35 U.S.C. § 271(c), by contributing to direct infringement by others, such as customers and end-users, in this Judicial District and elsewhere in the United States. Aikido’s affirmative acts of selling and offering to sell the Accused Instrumentalities in this Judicial District and elsewhere in the United States and causing the Accused Instrumentalities to be manufactured, used, sold and

offered for sale contribute to others' use and manufacture of the Accused Instrumentalities, such that the '497 Patent is directly infringed by others. The accused components within the Accused Instrumentalities are material to the inventions of the '497 Patent, are not staple articles or commodities of commerce, have no substantial non-infringing uses, and are known by Aikido to be especially made or adapted for use in the infringement of the '497 Patent. Aikido performs these affirmative acts with knowledge of the '497 Patent (at least as of the date of this Complaint) and with intent, or willful blindness, that it causes the direct infringement of the '497 Patent.

18. A preliminary chart mapping the elements of claim 1 of the '497 Patent to an Accused Instrumentality is attached hereto as Exhibit A.

19. Flash Uplink has suffered damages as a result of Aikido's direct and indirect infringement of the '497 Patent and is entitled to an award of monetary damages in an amount not less than a reasonable royalty, the precise amount to be proved at trial.

20. Flash Uplink has suffered, and will continue to suffer, irreparable harm as a result of Aikido's infringement of the '497 Patent, for which there is no adequate remedy at law, unless Aikido's infringement is enjoined by this Court.

## PRAYER FOR RELIEF

WHEREFORE, Flash Uplink prays for relief against Aikido as follows:

a. Entry of judgment declaring that Aikido has directly and/or indirectly infringed one or more claims of the '497 Patent;

b. Entry of judgment declaring that Aikido's infringement of the '497 Patent is willful;

c. An order awarding damages sufficient to compensate Flash Uplink for Aikido's infringement of the '497 Patent, but in no event less than a reasonable royalty, together with pre-judgment and post-judgment interest and costs;

d. An order pursuant to 35 U.S.C. § 283 permanently enjoining Aikido, its officers, agents, servants, employees, attorneys, and those persons in active concert or participation with it, from further acts of infringement of the ’497 Patent;

e. Entry of judgment declaring that this case is exceptional and awarding Flash Uplink its costs and reasonable attorneys’ fees under 35 U.S.C. § 285;

f. An accounting for acts of infringement;

g. Such other equitable relief which may be requested and to which Flash Uplink is entitled; and

h. Such other and further relief as the Court deems just and proper.

Dated: September 21, 2026

Respectfully submitted,

*/s/ Bryan N. DeMatteo*
Bryan N. DeMatteo
NY Bar No. 4021267
Email: bryan@demfirm.com
**DEMATTEO LAW LLC**
11028 Harbor Bay Drive
Fishers, IN 46040
Phone: 516-816-1571
Fax: 732-301-9202

*Attorney for Plaintiff,*
*Flash Uplink LLC*